**LISA A. RASMUSSEN, ESQ.**
Law Office of Lisa Rasmussen
601 South Tenth Street, Ste. 100
Las Vegas, Nevada 89101
Telephone: (702)-471-1436
Facsimile: (702) 489-6619
*Attorneys for Robert D. Kahre*

**JOEL F. HANSEN, ESQ.**
Hansen Rasmussen
1835 Village Center Circle
Las Vegas, Nevada 89134
Telephone: (702) 385-5533
Facsimile: (702) 382-8891
*Attorneys for Alexander C. Loglia*

**RENE VALLADARES**
Federal Public Defender
Michael J. Kennedy
Chief Assistant Federal Public
Defender
201 West Liberty Street, Suite 102
Reno, Nevada 89501-2027
Telephone: (775) 321-8451
Facsimile: (775) 784-5369
*Attorneys for Lori Kahre*

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CA No. 09-10471** |
| | **CA No. 09-10528** |
| Plaintiff/Appellee | **CA No. 09-10529** |
| | |
| -vs- | D.C. No. 2:05-cr- 121-DAE-RJJ -1 |
| | D.C. No. 2:05-cr- 121-DAE-RJJ -11 |
| ROBERT DAVID KAHRE, | D.C. No. 2:05-cr- 121-DAE-RJJ -12 |
| LORI A. KAHRE, | |
| ALEXANDER C. LOGLIA, | |
| | |
| Defendants/Appellants. | |

_____/

**Consolidated Appellants' Motion
for Release of Trial Court Documents Needed for Appeal.**

1

The consolidated appellants, Robert D. Kahre (09-10471), Lori A. Kahre (09-10528) and Alexander C. Loglia (09-10529) , by their respective counsel of record, Lisa A. Rasmussen, Esq., Michael J. Kennedy, Chief Assistant Federal Public Defender, and Joel F. Hansen, Esq. pursuant to Circuit Rule 27-3 for the United States Court of Appeals for the Ninth Circuit, hereby respectfully move this Court for an order directing the trial court to release documents currently being held there *in camera* which are critical to the instant appeal.

One of the issues in the instant appeal concerns the question of whether the trial court denied the consolidated appellants' right to a disinterested prosecutor and to due process by failing to disqualify Assistant U.S. Attorney J. Gregory Damm, a civil defendant in Appellant Lori Kahre's and Robert Kahre's 2003 Bivens action in which Appellant Alexander Loglia was a witness. See Appellant Lori Kahre's Opening Brief ("L. Kahre Brief"), Ninth Circuit Clerk's Docket Entry 29-2 at 1, 66-80; see also Appellant Alexander C. Loglia's Opening Brief, Ninth Circuit Docket Entry 31 at 9-11.

The consolidated appellants had filed motions to disqualify AUSA Damm with the trial court early on in the proceedings below, which were ultimately denied. See L. Kahre Brief at 27-29, 36-40. The motions to disqualify AUSA

2

Damm were denied in part based on documents provided to the trial court *in camera* by the government wherein the Department of Justice allegedly cleared AUSA Damm to prosecute the case. <u>See</u> Consolidated Appellants' Joint Excerpts of the Record (hereinafter "EOR") at 92-93. The documents were never provided to the consolidated appellants.

In order to secure these critical documents, Mr. Kahre filed his Motion for Release of Documents Submitted *In Camera* to the District Court on November 19, 2009. <u>See</u> District Court Docket Entry 2601, attached hereto as **Exhibit A**. This motion was joined by appellant Alexander Loglia on December 18, 2009. <u>See</u> District Court Docket Entry 2621. The trial court had orally ordered the production of these documents *in camera*. <u>See</u> **Exhibit A**, sub-exhibit A (District Court Docket Entry 2601-2), transcript of May 9, 2007 hearing at 114-122, 156-159, 197. As this transcript makes clear, these unproduced documents are critical to the instant appeal, both as to their content and the timing of their issuance.

The trial court did not rule on the motion for release of these *in camera* documents for over two years, finally issuing its Order on January 6, 2012. <u>See</u> District Court Docket Entry 2812, attached hereto as **Exhibit B**. In the Order, the trial court acknowledges that these documents are relevant to and necessary for the instant appeal, but it determined that it lacked jurisdiction to rule on the motion

and did not release the documents necessary for the instant appeal.  See **Exhibit B** at 3.  The trial court also directed the consolidated appellants to submit a motion for release of these withheld documents to this Court.  Id. at 3-4.

The instant motion is being filed to secure these documents which are necessary and critical to the instant appeal, but which have been withheld by the trial court to date, and which have never been provided to or seen by the consolidated appellants.  The consolidated appellants filed their Opening Briefs in June and July of 2011, and respondent United States filed its Answering Brief on December 12, 2011.  The current due date of the consolidated appellants' Reply Brief is set for February 10, 2012.  See Ninth Circuit Docket Entry 57.

Counsel have contacted Mr. Mark S. Determan, Criminal Appeals and Tax Enforcement Policy Section of the Tax Division, U.S. Department of Justice, who is counsel for the United States.  Mr. Determan has indicated that the United States will likely oppose the motion.

### Bail Status of Consolidated Appellants

CA NO. 09-10471 – Appellant Robert Kahre is in the custody of the United States Bureau of Prisons at the FCI Lompoc and is currently scheduled to be released from custody on **August 31, 2023**.

CA No. 09-10528 – Appellant Lori Kahre is currently on bail pending this

appeal.

CA No 09-10529 –  Appellant Alexander Loglia is currently on bail pending this appeal.

Therefore, based on the trial court's January 6, 2012 Order (**Exhibit B**) denying access to the *in camera* documents and the current status of briefing, consolidated appellants respectfully request the Court grant the instant motion and order the trial court to immediately produce all documents it currently holds *in camera* so that all parties can review them and address them in the instant appeal as necessary, and to afford full due process to the consolidated appellants and the United States.

DATED this 20th day of January, 2012.

Respectfully Submitted,

*/s/ Lisa A. Rasmussen*
LISA A. RASMUSSEN, Esq.
Counsel for Robert Kahre

*/s/ Michael J. Kennedy*
MICHAEL J. KENNEDY
Chief Assistant Federal Public Defender
Counsel for Lori Kahre

*/s/ Joel F. Hansen*
JOEL F. HANSEN. Esq.
Counsel for Alexander Loglia

## CERTIFICATE OF SERVICE

When all Case Participants are Registered for the
Appellate CM/ECF System

I hereby certify that on January 20, 2012, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the Ninth

circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and

that service will be accomplished by the appellate CM/ECF system.

*/s/   Lisa A. Rasmussen*
Lisa A. Rasmussen, Esq.

# Exhibit A

# Exhibit A

WILLIAM A. COHAN
WILLIAM A. COHAN, P.C.
Colo. Bar No. 7426; Calif. Bar No. 141804
P.O. Box 3448
Rancho Santa Fe, California 92067
(858) 832-1632; (858) 832-1845 (FAX)

LISA A. RASMUSSEN
LAW OFFICE OF LISA RASMUSSEN
NV Bar No 7491
616 South 8th Street
Las Vegas, NV 89101
(702) 471-1436; (702) 471-6540 (FAX)
lisa@lrasmussenlaw.com

Attorneys for Defendant Robert Kahre

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Case No. CR-S-05-0121-DAE(RJJ) |
| Plaintiff, | ) |
| v. | ) **DEFENDANT ROBERT KAHRE'S** |
| | ) **MOTION FOR RELEASE OF** |
| ROBERT DAVID KAHRE, et al., | ) **DOCUMENTS SUBMITTED** |
| | ) *IN CAMERA* |
| Defendants. | ) |
| _____ | ) |

            Pursuant to Local Rules of Criminal Practice 12-1, defendant Robert Kahre,

by and through his undersigned counsel, respectfully moves this Court for an Order directing

the production of documents previously submitted *in camera* in this proceeding.  These

documents are necessary for Robert Kahre to perfect the appeal of his convictions herein

before the Ninth Circuit Court of Appeals.

. . .

. . .

1    **POINTS AND AUTHORITIES**

2

3    On November 13, 2008, Robert Kahre filed his Motion to Disqualify Assistant U.S.

4    Attorney J. Gregory Damm ("Motion to Disqualify"). *See* C.R. #2044. The motion was

5    denied. *See* C.R. #2116. The motion was denied in part based upon the government's *in*

6    *camera* production of documents purportedly authorizing Assistant United States Attorney

7    J. Gregory Damm prosecute the instant case, despite the fact that he was a defendant and

8    denied qualified immunity in the related *Bivens* action in which he was adverse to several

9    defendants in this case. At the May 9, 2007, hearing on the Motion to Disqualify, the Court

10   orally ordered the production of these documents *in camera*, and the defendants were denied

11   access to them and were never permitted to review them. *See* Exhibit A, excerpts from

12   Transcript of May 9, 2007 hearing on Motion to Disqualify. No formal order was issued

13   concerning these documents.

14   These documents are necessary for Mr. Kahre to perfect the appeal of his convictions

15   to the Ninth Circuit Court of Appeals. Specifically, the issue is *when* Mr. Damm purportedly

16   received "permission" from the Department of Justice to prosecute this case. The

17   defendants are of the belief that the purported permission predated the denial of qualified

18   immunity in the civil case.

19   **CONCLUSION**

20   For the reasons sets forth above, Robert Kahre respectfully requests that this Court

21   release these documents that were submitted *in camera* in response to the Court's May 9,

22   2007 Order from the bench.

23   Respectfully submitted this 19th day of November, 2009.

24   WILLIAM A. COHAN, P.C.

25   BY:   /s/ *William A. Cohan*
          WILLIAM A. COHAN

26

27   LAW OFFICE OF LISA RASMUSSEN

28   BY:   /s/ *Lisa A. Rasmussen*

- 2 -

1                    LISA A. RASMUSSEN

2            Attorneys for Defendant ROBERT KAHRE

3

4                 **<u>CERTIFICATE OF SERVICE</u>**

5

6       I hereby certify that on this 19th day of November, 2009, I did serve the foregoing

7  **DEFENDANT ROBERT KAHRE'S MOTION FOR RELEASE OF DOCUMENTS**

8  **SUBMITTED *IN CAMERA***  via this Court's CM/ECF system, upon the following counsel

9  and/or persons:

**For U.S. Probation Office, District of Nevada:**
10  Joseph Gulla: Joseph_Gulla@nvp.uscourts.gov

11  **For Plaintiff USA:**
Christopher J. Maietta: christopher.j.maietta@usdoj.gov
12  J.G. Damm: gregg.damm@usdoj.gov

13  **For Defendant Alex Loglia:**
Joel F Hansen: Joelh@hrnvlaw.com
14

15  **For Defendant Lori Kahre:**
Michael Kennedy: michael_kennedy@fd.org,ECF_Reno@fd.org,rebecca_t6hole@fd.org

16  **For Defendant Danielle Cline:**
  Lynn Panagakos: lynnpanagakos@yahoo.com
17

18                    /s/ *Elaine Scroggins*
                     Elaine Scroggins
19                    Legal Assistant to Lisa Rasmussen

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS, NEVADA

UNITED STATES OF AMERICA      )
                              ) Docket No. 2:05-CR-121-RCJ-RJJ
          Plaintiff,          )
                              )
          vs.                 )
                              )
ROBERT DAVID KAHRE, et al.,   )
                              ) Las Vegas, Nevada
          Defendant.          ) May 9, 2007
_____ ) 10:36 a.m.


**MOTIONS HEARING**




THE HONORABLE ROBERT C. JONES PRESIDING
UNITED STATES DISTRICT COURT JUDGE






COURT RECORDER:

ARACELI CATU
U.S. District Court




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com

1

1          THE COURT:  April of '05 was before he sent the

2   complaint.  There's a representation to the court that -- and

3   we don't -- I'm not sure what the representation is but at

4   least there's a representation that something was done by the

5   Office of Professional Responsibility.

6          MR. JOHNSON:  No.  In the April there's a reference

7   being made to is there somebody at the Department of Justice

8   that you run these things by that stand.  Because this is an

9   ethics matter it's run through the general counsel of the

10  Executive Office of the United States Attorney which is the

11  Deputy Ethics advisor for the --

12         THE COURT:  Pursuant to a complaint or just at the

13  outset of the case?

14         MR. JOHNSON:  Just when the issue is raised and it's

15  believed by the office to be --

16         THE COURT:  All right.

17         MR. JOHNSON:  -- an --

18         THE COURT:  May I see the transcript of the April

19  '05 hearing, please, if anybody has it?  Anybody have it?

20         MR. COHAN:  All we have, Your Honor, is what we

21  quoted out of it.

22         THE COURT:  Is that -- I'm even afraid to ask.  Is

23  that the only part that relates to this issue in the April --

24         MR. COHAN:  To the best of my knowledge and belief

25  it is the only part, Your Honor.  It's page 75, line 7 through

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al          5/9/07     Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                    114

```
 1   16.
 2              THE COURT:  May I see it then, please?
 3              MR. COHAN:  You may, Your Honor, it's in the
 4   pleading we filed.  I have it right here.
 5              THE COURT:  Thank you.
 6              MR. COHAN:  That's my only copy.
 7              THE COURT:  Let's see.  Oh, wow, we've only got one
 8   quick quote.  There is a representation that this is the only
 9   quotations out of the transcript that relate.
10          "The Court:  I did have one other question.  On the
11      motion to disqualify you, Mr. Damm, I believe the U.S. --
12      the Department of Justice has some kind of internal
13      office on conflicts and things.  Has this been run by
14      them?
15          "Mr. Damm:  It has, Your Honor."
16              That's the transcript or at least the extent of what
17   I have in front of me and why is that true or not true?
18              MR. JOHNSON:  As I said, the unit that's responsible
19   for dealing with ethics issues that may arise for Assistant
20   U.S. Attorneys is the General Counsel office for the Executive
21   office of the United States Attorneys in Washington, D.C. and
22   this issue had been run through the general counsel's office
23   on two occasions previous to the April 28th hearing in 2005.
24   The issue was first raised with the General Counsel's office
25   when the Bivens action was filed in October of 2004 and at
```

2:05-CR-121-RCJ-RJJ     U.S. v. Kahre, et al        5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com          115

```
 1  that time it was determined by the office that Mr. Damm did

 2  not have a financial conflict which required his recusal and

 3  then it was raised a second time when the motion to disqualify

 4  was filed by Mr. Cohan, which I believe was on April 22nd of

 5  2005, again asking, you know, if you -- of the motion to

 6  disqualify is there a change in the department's position as

 7  to Mr. Damm continuing to --

 8          THE COURT:  As to the first inquiry is there any

 9  documentation?

10          MR. JOHNSON:  The only documentation that exists is

11  e-mail communication that goes between our office and the

12  executive office.

13          THE COURT:  And do we have that e-mail

14  documentation?

15          MR. JOHNSON:  It's not a part of this court record,

16  Your Honor.

17          THE COURT:  That's for sure.  Do we have it?

18          MR. JOHNSON:  I do have copies of that and --

19          THE COURT:  And it predates this April hearing?

20          MR. JOHNSON:  I'm very sure that --

21          THE COURT:  And last question is there any problem

22  with my reviewing that and counsel reviewing that?

23          MR. JOHNSON:  As long as it's in -- as long as

24  you'll be reviewing it in camera, Your Honor, there is not a

25  problem.  If it is -- because it's considered an internal
```

2:05-CR-121-RCJ-RJJ    U.S. v. Kahre, et al        5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                116

```
 1  document of -- working document of the department there would
 2  be an issue if it was going to be --
 3          THE COURT:  And does it consist both of an e-mail
 4  inquiry and an e-mail answer?
 5          MR. JOHNSON:  I believe -- I'm not -- I'd have -- I
 6  know I have the e-mail answer, I'm not sure in terms of the e-
 7  mail inquiry, Your Honor.  I don't have the document in front
 8  of me but I am sure that both --
 9          THE COURT:  You have an e-mail answer?
10          MR. JOHNSON:  An e-mail answer; yes, Your Honor.
11          THE COURT:  Well, I would be very interested in
12  that.  I would -- I'd want to know if counsel would object to
13  my asking for it, number one, and of course I assume you would
14  object to in camera as opposed to complete disclosure.  But
15  this has been raised.  Again, I don't -- I'm not sure how
16  significant this is as compared to the lawsuit, the Bivens
17  lawsuit, but based upon representation that he -- that he
18  misrepresented and that he -- that's a basis to show actual
19  bias, actual prejudice, I would be interested in seeing that
20  documentation whether in fact there was that predicate.  Is
21  there objection to my requesting it?
22          MR. COHAN:  There's no objecting to that, Your
23  Honor.  We obviously would like to see it, why it hasn't been
24  produced before this moment or ever referred to is
25  inexplicable at this point.
```

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al      5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com      117

```
 1              THE COURT:  I will order that it be given to me in
 2    camera first, I'll preserve your question about whether it
 3    needs to be further disclosed, and of course I'll also
 4    preserve your objection that it's just now being told about
 5    it.
 6              MR. COHAN:  So my objection is that as the Court is
 7    ruling, we're not -- the moving parties are not being
 8    permitted to see it and so I just want that objection on the
 9    record, but thank you, Your Honor.
10              THE COURT:  Very good.  I will order you then unless
11    there's some kind of other objection to in camera review?
12              MR. JOHNSON:  No, as I said, we don't have any
13    problem providing it in camera --
14              THE COURT:  Okay, if you will, please.
15              MR. JOHNSON:  -- to Court.  If the Court wanted to
16    release it then we would ask for an opportunity to be further
17    heard on that --
18              THE COURT:  I would give you that.
19              MR. JOHNSON:  -- specific issue.  And in our -- and
20    in terms of the issue of it is our position that the
21    statements and the two different hearings are not inconsistent
22    which is why we never ever considered it to be a relevant
23    matter as far as the underlying issue of bias, Your Honor, and
24    so just to make that point clear.
25              THE COURT:  All right.
```

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al         5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                    118

1    MR. JOHNSON:  Is there anything else that the Court

2  has a question on?

3    THE COURT:  That's all I have.

4    MR. COHAN:  One question clarification is just how

5  many e-mails are we talking about?

6    THE COURT:  Fair question.

7    MR. JOHNSON:  Well, I mean it would be -- in terms

8  of a final responses to each issue there'd just be one to the

9  initial inquiry in October of 2004 and one to the secondary

10  acquiring --

11    THE COURT:  Right.  We already have the response to

12  the secondary inquiry.

13    MR. JOHNSON:  There may be other e-mails in terms of

14  some back and forth but in terms of an answer from the unit.

15    THE COURT:  And do we have the e-mails in terms of

16  back and forth?

17    MR. JOHNSON:  I don't know if we have them all

18  because --

19    THE COURT:  I'm not asking -- I'm not asking for

20  them yet, I'm just asking are there more than one?

21    MR. JOHNSON:  I think we do in the second inquiry,

22  I'm not sure if we kept copies of all of them in the first

23  inquiry.

24    THE COURT:  I'm not interested in the second

25  inquiry, only in the first one.

_____

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com

```
 1            MR. JOHNSON:  Okay.

 2            THE COURT:  That preceded his first statement to the

 3    Magistrate Judge in April '05.

 4            MR. JOHNSON:  I don't have any problem giving the

 5    Court in camera all the e-mails that we have in reference to

 6    this.

 7            THE COURT:  And is there more than one relative to

 8    May '05?  Before he made the representation in May of '05 is

 9    there more than one e-mail that talks about either the inquiry

10    or the response to the inquiry?

11            MR. COHAN:  Your Honor, this --

12            MR. JOHNSON:  Your Honor, the hearing was in April

13    of 2005 and there were two different inquiries that were done

14    before the comments by Mr. Damm in April of 2005, one at the

15    initial Bivens filing and one after the filing of the motion

16    to disqualify.  So there were two inquiries that had been made

17    before he --

18            THE COURT:  Mm-hmm.

19            MR. JOHNSON:  -- made the representation at the 2005

20    hearing.

21            THE COURT:  And can I -- can I get -- what can you

22    give me in camera to review at a minimum the answers to show

23    me whether or not Justice -- main Justice approved or not?

24            MR. JOHNSON:  I -- in camera I'll be glad to give

25    you all the e-mail correspondence that went between.
```

2:05-CR-121-RCJ-RJJ        U.S. v. Kahre, et al        5/9/07        Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                    120

```
 1              THE COURT:  And so you really can't answer my

 2   question as we stand here how many e-mails are there only

 3   relative to May '05 -- April '05 and prior?

 4              MR. JOHNSON:  I think that there is a outgoing and

 5   -- I think there was an outgoing e-mail in October of 2004, a

 6   secondary follow up with some additional information, and then

 7   a response e-mailed back with an answer.  And I think in terms

 8   of the April 2005 inquiry we forwarded all the previous e-

 9   mails to bring people up-to-date and then we got a response e-

10   mail back.

11              THE COURT:  Okay.  Could you let me see in camera

12   all those items?

13              MR. JOHNSON:  Yes, I can, Your Honor.

14              THE COURT:  Okay.  I'll so order.  Did you have

15   further question before argument?  I'm going to let you argue

16   it.  You have further question?

17              MR. COHAN:  Just that the government is going to

18   turn over anything and everything that pertains to this, this

19   alleged approval.

20              THE COURT:  So far I've ordered just those e-mails

21   that he's talked about.  I'm not going to -- I'm not going to

22   ask him to turn over to me any internal memoranda or why they

23   approve or anything else.  The only question here is whether

24   he lied to the Magistrate Judge.

25              MR. COHAN:  Fair enough, Your Honor.
```

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al        5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                    121

```
 1              THE COURT:  So at this juncture that's all I'm
 2      asking for.
 3              MR. JOHNSON:  Thank you, Your Honor.
 4              THE COURT:  Okay.  It might be of interest to me,
 5      too, on the pecuniary interest issue to see if there any
 6      formal written documentary evidence that somebody other than
 7      Mr. Damm gave approval to bringing the indictment or pursuing
 8      it beyond that point.
 9              MR. JOHNSON:  Court's indulgence.
10                      (Off-record colloquy)
11              MR. DWYER:  Your Honor, there's probably a series of
12      letters in this case.  I can get started on pulling the
13      letters of authorization, pull together provided you permit us
14      to submit them in camera.  These are obviously confidential
15      letters.
16              THE COURT:  I'll -- at this juncture I'll just order
17      you to inquire as to what there is and I'll require in camera
18      for you to disclose to me what there is and then -- and then I
19      may order you to disclose them in camera.
20              MR. DWYER:  Very well.
21              THE COURT:  All right.  Let's -- a final reply,
22      please.  Only one at a time and only once.  Mr. Cohan, then
23      Mr. Hansen.
24              MR. COHAN:  Thank you, Your Honor.
25              THE COURT:  What's the matter with the standard I
```

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al      5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                    122

```
1              THE COURT:  All right, I appreciate your
2    representation --
3              MR. WHIPPLE:  Thank you.
4              THE COURT:  -- and of course I'll take it under
5    submission.  I -- as I sit here if I can satisfy my mind I'm
6    not going to listen to a second trailing two-month trial.  I'm
7    inclined to cut into a second one to start both with
8    thereafter but a -- I don't want to do that of course neither
9    to my own detriment or to the government's detriment to have
10   to sit through two present -- lengthy presentations of the
11   exact same case.  But I'll consider it, your representations
12   and give you an order.
13             MR. WHIPPLE:  Thank you, Your Honor.
14             THE COURT:  Maybe I should ask counsel's not here
15   and so only cocounsel can respond, should we take up today the
16   question of whether or not I should consider number one, the
17   in camera disclosure relative to one of three grounds?  That
18   is, lied to the Magistrate Judge showing actual prejudice, the
19   in camera disclosure, and number two, if I do should it -- can
20   I retain it as in camera or do I have to disclose it all
21   around?
22             MR. COHAN:  Well --
23             THE COURT:  I'm sure I know your position, Mr.
24   Cohan.
25             MR. COHAN:  You do.  I mean --
```

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al      5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com        156

```
 1              THE COURT:  Okay.

 2              MR. COHAN:  -- we feel like the Court shouldn't do

 3   this without allowing us to consider it.  I mean --

 4              THE COURT:  Mm-hmm.  Okay.

 5              MS. RASMUSSEN:  Well, Your Honor, I'd also add that

 6   with regard to a substantive nature, I mean those I'm assuming

 7   are correspondence as to whether or not he has permission.

 8   And --

 9              THE COURT:  Right.  The substance of it would not

10   even be material to me.  I wouldn't even be reading it for the

11   substance.

12              MS. RASMUSSEN:  Well, it isn't --

13              THE COURT:  The only thing I would be reading it for

14   is was there in fact a passing by ethics and was it cleared by

15   them?

16              MS. RASMUSSEN:  I understand but also -- but it goes

17   in substance to the disqualification motion.  So in other

18   words, I don't think you're --

19              THE COURT:  Mm-hmm.

20              MS. RASMUSSEN:  -- you should just be reviewing it

21   for was there a lie, I think you should be reviewing it for

22   was the Bivens case disclosed, was -- you know, was there some

23   authorization from DOJ Washington for him specifically, a

24   Bivens defendant, to proceed on this case?  That would be what

25   -- I think that's relative to the --
```

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al         5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                    157

```
 1              THE COURT:  Mm-hmm.
 2              MS. RASMUSSEN:  -- motion to disqualify Mr. Damm.
 3              THE COURT:  And I would so review it and I think I
 4   can say at this juncture that is it disclosed, it's presented
 5   two times both before and after Judge Pro with the recitation
 6   of Judge Pro's ruling the second time.  Of course it's passed
 7   again, a third, maybe even a fourth time.  A third time after
 8   Mr. Cohan's complaint.
 9              MR. DWYER:  Your Honor, I think the question is
10   better posed to my cocounsel, AUSA Johnson, but the issue
11   raised by defense counsel was whether or not there was a lie
12   at that hearing.
13              THE COURT:  That's right.
14              MR. DWYER:  That's it.  What the content of the e-
15   mails, that sort of stuff is really a side issue and that
16   wasn't present -- today representations were made by the
17   government to the Court, Your Honor, it was passed by the
18   government office that is relevant for this type of inquiry.
19   We've provided you documentation of that to the extent that
20   anything be turned over --
21              THE COURT:  Okay, that's enough.  I'm persuaded.
22   I'm not going to disclose it and I am going to consider it.
23   I'm not going to consider it for the merits, I'm just going to
24   consider it only for the truth or lack of truthfulness of what
25   Mr. Damm said to the Magistrate Judge and in that respect it
```

2:05-CR-121-RCJ-RJJ        U.S. v. Kahre, et al          5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                              158

1    fully discloses that at least two times prior to the hearing

2    in April '05 it was passed by the Ethics office and they gave

3    approval and it recited the Bivens lawsuit both times and the

4    latter time was after and reciting the contrary ruling in the

5    civil case.  There is, of course, a subsequent time that isn't

6    addressed here -- well, it is addressed here but there's a

7    subsequent time, too, a response -- an inquiry and response

8    after Mr. Cohan filed a complaint.

9            Mr. Cohan.

10           MR. COHAN:  But we're leaving out what happened.

11   Was it approved after the appeal of the denial was dismissed?

12           THE COURT:  No, I didn't see anything about that.

13           MR. COHAN:  Well, that's when the conflict becomes

14   in my view irremediable.

15           THE COURT:  But that's a question for me to

16   determine and you fully presented the record on that.  The

17   only question for what's here in camera is did he lie to the

18   Magistrate Judge?

19           MR. COHAN:  Well -- and then why were -- why is this

20   presented now and to the Court in camera instead of response

21   months or years ago?

22           THE COURT:  Well, that's an appropriate question.

23           MR. COHAN:  Yeah.  I don't -- what's going on here?

24   This doesn't make any sense.

25           THE COURT:  Well, that's an appropriate question,

2:05-CR-121-RCJ-RJJ     U.S. v. Kahre, et al        5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com                    159

```
1   one, I'll give you a written order and of course I'll take
2   under the submission and I am expecting your submittal with
3   respect to the extent and official authorization of somebody
4   higher than Mr. Damm for investigation, bringing of indictment
5   or -- and or continued prosecution in the case.
6         MR. DWYER:  Very well, Your Honor.  Previously you
7   had indicated that you would just take a list of the dates
8   that we authorized submitted.
9         THE COURT:  I think I want you to make that
10  disclosure to me.
11        MR. DWYER:  Okay.  Of those -- of that information
12  that listed the dates of when we authorized and what we
13  authorized.
14        THE COURT:  I want you to disclose me the official
15  authorizations, too.
16        MR. DWYER:  Very well.
17        THE COURT:  I don't need the inquiry or the
18  rationale or the recommendation.  I'm assuming, unless you
19  tell me otherwise, that Mr. Damm made recommendations either
20  oral or written to continue or to make this prosecution or
21  investigation unless you tell me otherwise.  But even with
22  that assumption I want the official approval even if it
23  includes an analysis for the approval, I want all of that, for
24  the investigation, the pursuing of the indictment, and the
25  continued prosecution after indictment.
```

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al        5/9/07      Motions

NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com        197

**CERTIFICATION**

I (WE) CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
THE ELECTRONIC SOUND RECORDING OF THE PROCEEDINGS IN THE
ABOVE-ENTITLED MATTER.

**NW TRANSCRIPTS, LLC**
**NEVADA DIVISION**
**1027 S. RAINBOW BLVD., #148**
**LAS VEGAS, NEVADA 89145-6232**
**(702) 373-7457**
**nwtranscripts@msn.com**

_____
FEDERALLY CERTIFIED MANAGER/OWNER

Kay McCrea                                          6/20/07
TRANSCRIBER                                         DATE

2:05-CR-121-RCJ-RJJ      U.S. v. Kahre, et al           5/9/07      Motions
NW TRANSCRIPTS, LLC - Nevada Division
1027 S. Rainbow Blvd., #148
Las Vegas, Nevada 89145-6232
(702) 373-7457 - nwtranscripts@msn.com          212

# Exhibit B

# Exhibit B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 2:05-00121 DAE-RJJ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT DAVID KAHRE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING WITHOUT PREJUDICE DEFENDANT ROBERT
KAHRE'S MOTION FOR RELEASE OF DOCUMENTS SUBMITTED
IN CAMERA

Pursuant to Local Rule 78-2, the Court finds this matter suitable for

disposition without a hearing.

On August 14, 2009, following a 48-day trial, a jury convicted

Defendant Robert David Kahre of multiple tax-related felonies.  (Docs. ## 2520,

2558.)  The Court sentenced him to a term of 190 months imprisonment on

November 17, 2009.  A Judgment to that effect was entered on December 3, 2009.

(Doc. # 2615.)

On November 19, 2009, Defendant simultaneously filed a Notice of

Appeal of his conviction and sentence (Doc. # 2602) and the instant Motion for

Release of Documents Submitted In Camera (Doc. # 2601).  In his Motion,

Defendant requests that this Court release documents that the Government submitted for in camera review back in November 2008 in connection with its Opposition to Defendant's Motion to Disqualify Assistant U.S. Attorney J. Gregory Damm ("Motion to Disqualify").  (Doc. # 2601.)  Defendant contends that these documents are "necessary for Robert Kahre to perfect the appeal of his convictions."  (Id. at 1.)  On November 30, 2009, the Government filed a Response in Opposition to Defendant's Motion, asserting that this Court lacks jurisdiction to entertain Defendant's Motion.  (Doc. # 2612.)

It is well-established that "[t]he filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."  United States v. Sadler, 480 F.3d 932, 941 (9th Cir. 2007) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)); Small v. Operative Plasterers' and Cement Masons' Int'l Ass'n Local 200, AFL-CIO, 611 F.3d 483, 495 (9th Cir. 2010).  The purpose of this rule is to "promote judicial economy and avoid the confusion that would ensue from having the same issues before two courts simultaneously."  Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).  However, a district court "sometimes retains jurisdiction in matters 'collateral' to those resolved in the

2

judgment on appeal, such as motions for attorneys fees." United States v.

Kersting, 891 F.2d 1407, 1413 (9th Cir. 1989).

Here, the parties do not dispute that the documents sought by

Defendant directly relate to this Court's denial of the Motion to Disqualify, which

constitutes a central aspect of Defendant's appeal.  It follows that the instant

request for documents cannot be considered a matter "collateral" to the issues on

appeal.  Indeed, Defendant asserts that the requested documents are "necessary" to

appeal his conviction.[1]  Since Defendant's request for the production of documents

directly relates to matters involved in the pending appeal, this Court lacks

jurisdiction to rule on Defendant's Motion.  See Trulis v. Barton, 107 F.3d 685,

695 (9th Cir. 1995) (noting that in United States v. Kersting, 891 F.2d 1407, 1413

(9th Cir. 1989), the court found that a "motion for discovery brought after notice of

appeal directly related to good faith, an issue on appeal, and therefore was beyond

the district court's jurisdiction").  Defendant's request for the release of documents

submitted in connection with the Motion to Disqualify can be made to

---

[1] The Court finds that had the Defendant believed that these documents were paramount to his appeal, he could have requested the release of these documents from the Ninth Circuit shortly after filing his Notice of Appeal, prior to any briefs having been due.

the Court of Appeals, which this Court assumes will provide the Government with

an opportunity to oppose the request.

        For the reasons set forth above, the Court DENIES WITHOUT

PREJUDICE Defendant's Motion for Release of Documents Submitted In Camera.


        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, January 6, 2012.


_____
DAVID ALAN EZRA
UNITED STATES DISTRICT JUDGE



United States v. Kahre, CR No. 2:05-0121 DAE-RJJ; ORDER DENYING
WITHOUT PREJUDICE DEFENDANT ROBERT KAHRE'S MOTION FOR
RELEASE OF DOCUMENTS SUBMITTED IN CAMERA

4